UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUE M.,                          )
                                 )
        Plaintiff                )
                                 )
v.                               )  No. 1:17-cv-00303-NT
                                 )
NANCY A. BERRYHILL,              )
*Acting Commissioner of Social Security*,  )
                                 )
        Defendant                )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in contravention of Social Security Ruling 00-4p ("SSR 00-4p"), the ALJ failed to identify and resolve a conflict between the testimony of a vocational expert ("VE") and the *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) ("DOT"). *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 4-8. I conclude that the plaintiff fails to demonstrate that the purported conflict was sufficiently obvious that the ALJ, without any assistance, should have identified and resolved it. Accordingly, I recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 116; that she had the severe impairments of post-traumatic stress disorder, dysthymia, bipolar II disorder, and attention deficit disorder, Finding 3, *id.*; that she had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she had to avoid concentrated exposure to extreme cold and irritants such as fumes, odors, dust, gases, and poorly ventilated areas, was limited to simple, routine, repetitive tasks and could not understand, remember, or carry out detailed instructions, was limited to working in a low-stress job, defined as one entailing occasional decision-making and occasional changes in the work setting, and could tolerate no more than occasional interaction with the public and co-workers, Finding 5, *id.* at 118-19; that, considering her age (41 years old, defined as a younger individual, on her alleged disability onset date, February 2, 2012, education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 123; and that she, therefore, had not been disabled from February 2, 2012, through the date of the decision, June 10, 2016, Finding 11, *id.* at 124-25. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must

be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

SSR 00-4p provides, in relevant part:

The Responsibility To Ask About Conflicts

When a VE or VS [vocational specialist] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT. In these situations, the adjudicator will:

- Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and

- If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

Explaining the Resolution

When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2017), at 244.

At the outset of the VE's testimony, the ALJ asked her to let him know if her "testimony diverge[d] in any respect" from the DOT, and she agreed to do so. Record at 41-42. The ALJ asked the VE whether a hypothetical claimant who, *inter alia*, was "limited to simple, routine and repetitive tasks" and "could not understand, carry out, or remember any detailed instructions" could perform jobs existing in significant numbers in the national economy. *Id*. at 43. The VE testified that such an individual could perform the jobs of laundry worker, DOT § 361.685-018, warehouse worker, DOT § 922.687-058, and dishwasher, DOT § 318.687-010. *See id*. She identified no conflict with the DOT. *See id*. at 43-46. The plaintiff's representative did not question the VE at hearing concerning any apparent conflict between her testimony and the DOT. *See id*. at 41-46. The ALJ relied at Step 5 on the plaintiff's ability to perform those three jobs, stating that he had "determined that the [VE]'s testimony is consistent with information contained in the [DOT]." *Id*. at 124.

The plaintiff contends, *see* Statement of Errors at 6, that the VE's testimony was in fact facially inconsistent with the DOT insofar as the DOT defines all three jobs as having a General Educational Development ("GED") level of 2, requiring workers to "[a]pply commonsense understanding to carry out *detailed but uninvolved written or oral instructions* [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT §§ 318.687-010, 361.685-018, 922.687-058 (emphasis added). She notes, *see* Statement of Errors at 6, that the ALJ had specified that the hypothetical claimant "could not understand, carry out, or remember *any detailed instructions*[,]" Record at 43 (emphasis added).

The commissioner rejoins that the plaintiff waived any challenge by failing to raise this issue before the ALJ and, in any event, there is no conflict, this court having decided, in *Pepin v. Astrue*, Civil No. 09-464-P-S, 2010 WL 3361841 (D. Me. Aug. 24, 2010) (rec. dec., *aff'd* Sept.

16, 2010), that a claimant limited to simple, unskilled tasks can perform a job with a GED reasoning level of 2. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 13) at [3]-[6].

I agree that the challenge is waived.

"There is an expectation that counsel will explore . . . concerns with the [VE] at the hearing, not leave such matters to technical challenges before the courts." *Baker v. Soc. Sec. Admin. Comm'r*, No. 1:10-cv-00167-JAW, 2011 WL 1298694, at *5 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011).

As the plaintiff's counsel observed at oral argument, this court has held that "SSR 04-p imposes an *affirmative obligation* on [ALJs] to (i) inquire whether there is any conflict between [VE] testimony and the DOT, (ii) elicit a reasonable explanation for any apparent conflict, and (iii) resolve said conflict, regardless of how it was identified." *Burton v. Astrue*, No. 2:11-cv-174-GZS, 2012 WL 1184425, at *4 (D. Me. Apr. 6, 2012) (rec. dec., *aff'd* Apr. 24, 2012) (emphasis in original).

Nonetheless, this court has also held that, "because SSR 00-4p pertains only to *apparent* conflicts, a claimant waives a claim of failure to identify and resolve a conflict between [VE] testimony and the DOT unless he or she 'can show that the conflicts were obvious enough that the ALJ should have picked up on them without any assistance[.]'" *Welch v. Astrue*, No. 1:11-cv-384-GZS, 2012 WL 3113148, at *7 (D. Me. July 11, 2012) (rec. dec., *aff'd* July 31, 2012) (quoting *Burton*, 2012 WL 1184425, at *4 n.3) (emphasis in original).[2]

---

[2] At oral argument, the plaintiff's counsel noted that there is a split among the United States circuit courts of appeals regarding the interpretation of the phrase "apparent conflict" in SSR 00-4p and that the First Circuit has not addressed the issue. He advocated for the adoption of an interpretation of the phrase to mean "a 'possible conflict' between the VE and DOT occupational evidence, and nothing more." *Carpenter v. Colvin*, Case No. 1:13-cv-01637 (CKK/GMH), 2016 WL 946975, at *6 (D.D.C. Feb. 24, 2016) (rec. dec., *aff'd* Mar. 14, 2016). On the showing made, I decline to disavow this court's resolution of the issue in favor of the interpretation set forth above. The plaintiff's counsel further

I agree with the commissioner that *Pepin* renders less than apparent what would otherwise appear to be a facial clash between the VE testimony and the DOT.

In *Pepin*, this court abandoned its minority position that a GED reasoning level of 2 "'generally is beyond the capacity of a person limited to simple instructions or simple tasks.'" *Pepin*, 2010 WL 3361841, at *2, *6 (quoting *Briggs v. Astrue*, Civil No. 08-05-B-W, 2008 WL 4849332, at *3 (D. Me. Nov. 6, 2008)). In so doing, it followed the "well-reasoned and compelling rationale" of the United States District Court for the Central District of California, in *Meissl v. Barnhart*, 403 F. Supp.2d 981 (C.D. Cal. 2005), "for rejecting the notion that there is any seeming conflict between a limitation to 'simple tasks performed at a routine pace' and an indication in the DOT that the jobs concerning which a [VE] had testified had a GED reasoning level of 2." *Id.* at *3 (quoting *Meissl*, 403 F. Supp.2d at 982).

This court noted that the *Meissl* court had rejected "the assertion that the DOT's use of the word 'detailed' equates with the words 'detailed instructions' in Social Security regulations differentiating between 'short and simple instructions' and 'detailed' or 'complex' ones[,]" reasoning:

> The Social Security regulations separate a claimant's ability to understand and remember things and to concentrate into just two categories: "short and simple instructions" and "detailed" or "complex" instructions. The DOT, on the other hand, employs a much more graduated, measured and finely tuned scale starting from the most mundane ("simple one- or two-step instructions" at level one), moving up to the most complex ("applying principles of logical or scientific thinking . . . apprehend the most abstruse classes of concepts" at level six). To equate the Social Security regulations['] use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

---

argued that, in *Burton*, this court rejected an identical waiver argument by the commissioner, holding that the ALJ alone had the burden to inquire about, elicit explanations for, and resolve conflicts. *Burton* is distinguishable in that, there, the conflict was apparent, and the ALJ "did not even make the required threshold inquiry as to whether the [VE]'s testimony was consistent with the DOT." *Burton*, 2012 WL 1184425, at *4.

*Id.* (quoting *Meissl*, 403 F. Supp.2d at 983-84) (citations omitted). Finally, this court noted that "[t]he *Meissl* court then moved on to consider the use of the phrase 'detailed but uninvolved' in the DOT," stating:

> Even more problematic for Meissl's position is that she ignores the qualifier the DOT places on the term "detailed" as also being "uninvolved." This certainly calls into question any attempt to equate the Social Security regulations' use of the term "detailed" with the DOT's use of that term in the reasoning levels. Instead of simply seeking to equate the two scales based on the serendipity that they happen to employ the same word choice, a much more careful analysis is required in comparing the claimant's RFC with the DOT's reasoning scale.

*Id.* at *4 (quoting *Meissl*, 403 F. Supp. 2d at 984).

At oral argument, the plaintiff's counsel distinguished *Pepin* on the basis that, whereas the claimant in *Pepin* was restricted to simple tasks and procedures, in this case, the ALJ added a limitation against understanding, remembering, or carrying out any detailed instructions. He reasoned that "detailed but uninvolved" instructions still are "detailed" instructions and that, per SSR 00-4p, the onus was on the ALJ at all times to clarify what he meant by "detailed" and/or to identify and resolve the seeming conflict.

Despite the lack of a restriction against "detailed" instructions in *Pepin*, however, I agree with the commissioner that *Pepin* fairly can be read to suggest that the limitation at issue in this case comports with a GED reasoning level of 2. Here, as in *Pepin*, the ALJ limited the plaintiff to simple tasks. In context, his addition of a limitation against detailed instructions more closely aligns with the definition of "detailed" found in the Social Security regulations than the "detailed but uninvolved" definition found in the DOT. *See id.* at *3-4.

Indeed, as counsel for the commissioner observed at oral argument, the United States Court for the District of New Hampshire has applied the *Meissl* court's reasoning to reject a claimant's argument that an ALJ's restriction to "simple, routine tasks [and] no detailed instructions; only

7

occasional decision-making" clashed with a VE's testimony that the claimant could perform jobs having a GED reasoning level of 2. *See Labrecque v. Colvin*, Civil No. 14-cv-119-JL, 2015 WL 2248742, at *2 (D.N.H. May 13, 2015). *See also, e.g.*, *Cooper v. Comm'r of Soc. Sec.*, No. 3:07cv300, 2008 WL 4405045, at *10 (S.D. Ohio Sept. 24, 2008) (concluding, based on reasoning of *Meissl*, that a "limitation to low stress work with no production quotas, simple one or two-step tasks requiring little, if any concentration, and *no complex or detailed instructions* is not inconsistent with the ability to perform jobs with a reasoning [l]evel of 2") (emphasis added). The plaintiff identified no contrary authority on point.

The plaintiff having failed to demonstrate that the purported conflict between the VE's testimony and the DOT was "obvious enough that the ALJ should have picked up on [it] without any assistance[,]" *Welch*, 2012 WL 3113148, at *7 (citation and internal quotation marks omitted), she waived the issue by failing to call it to the ALJ's attention.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 3rd day of August, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge